C O P Y

Honorable Mortimer Brown
Executive Secretary
Teacher Retirement System of Texas
Austin, Texas

Dear Sir:

Opinion No. O-3527
Re: Distribution of accumulated
contributions of Mrs. Mildred
Baker Young, a deceased teacher.

In your letter of May 8, 1941, you submit certain facts and request our opinion in response to certain questions arising thereunder, as follows:

"Mrs. Mildred Baker Young, a member of the Teacher Retirement System of Texas, died after having named her mother, Susan Alice Baker, as the beneficiary to receive her accumulated contributions in the Teacher Saving Fund in case of her death before retirement. Mrs. Susan Alice Baker died before the money could be paid to her. The Retirement System is now contronted with the problem of how to dispose of the money that would have been returned to Mrs. Susan Alice Baker.

"As the children of Mrs. Baker state that no administrator has been appointed, the Teacher Retirement System is willing to cooperate with the children in settling with direct payments to the heirs if the System can determine the manner in which the money should be returned. At the time of Mrs. Baker's death, she was not married - her husband having died some fifteen years prior to her death. The following children were born to Mrs. Baker:

"Mrs. Mildred Baker Young, deceased
C. P. Baker
D. A. Baker
H. G. Baker

"Would the Teacher Retirement System be returning the money properly to the various heirs if one-fourth of the money was paid to T. F. Young, husband of Mildred Baker Young, deceased, and one-fourth was paid to each of the three sons? If this is not the proper manner in which the money should be returned, how should the money be returned?"

As we understand your letter, Mrs. Baker followed Mrs. Young in death. Since Mrs. Baker was the beneficiary named by her daughter, upon the death of the latter such accumulated contributions became the property of Mrs. Baker and descended to her heirs. Article 2570, Revised Civil Status, provides in part as follows:

"Where any person, having title to any estate or inheritance, real, personal or mixed, shall die intestate, it shall descend and pass in parcenary to his kindred, male and female, in the following course:

"1. To his children and their descendants.

". . . ."

From the above it will be seen that Mr. T.F. Young is not an heir of Mrs. Susan Alice Baker, and therefore would not be entitled to receive any part of such contributions. If Mrs. Young died without issue, as your letter would seem to indicate, then C.P. Baker, D.A. Baker and H. G. Baker would be entitled to receive such contributions, share and share alike. If Mrs. Young was survived by a child or children, then said child or children would receive one-fourth of such contributions and C.P. Baker, D.A. Baker, and H.G. Baker would each receive one-fourth.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY    s/ Glenn R. Lewis
           Assistant

GRS:db

APPROVED MAY 20,1941

s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE

By    BWB    Chairman